UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-03375-JMS-TAB |
| | ) | |
| BUZZI UNICEM USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR JOINDER**

Plaintiff John Davis filed a motion on May 8, 2017, for leave to amend the complaint by adding his employer, Two Guys Mechanical Contractors, Inc. as a Defendant. [Filing No. 32.] The Court questioned whether joining an Indiana citizen destroys diversity jurisdiction. The Court gave Davis 14 days to file a brief on this issue. However, Davis' brief raised more questions than answers. As a result, his request to add Two Guys and align them as a Plaintiff is denied.

Davis explained the addition of Two Guys as a Defendant was an oversight, and instead asserted the Court "should join Two Guys and align it as a Plaintiff." [Filing No. 38, at ECF p. 4.] However, Two Guys cannot be joined as an involuntary Plaintiff. Rule 19 requires joinder of a nonparty only if the "court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *Robertshaw Controls Co. v. Therm-O-Disc, Inc.*, 2009 WL 4043083 (N.D. Ill. Nov. 20, 2009). In an effort to show that Two Guys may be joined and realigned as a Plaintiff without its own independent intervention, Davis fires up the Wayback Machine and relies on *Independent Wireless Telephone Co. v. Radio Corp. of America*, 269 U.S. 459 (1926). [Filing

No. 38, at ECF p. 4.] In *Independent Wireless*, the Court joined an unwilling patent owner as a defendant to realign them as a plaintiff because "the owner of the patent as a party is indispensable . . . to enable the alleged infringer to respond in one action to all claims of infringement for his act." 269 U.S. at 468.

Davis' reliance on *Independent Wireless* is misplaced. Unlike a patent owner, whose presence is necessary to seek relief, Two Guys is not indispensable to the lawsuit. Davis admits he has no conflict with Two Guys but recognizes Two Guys holds a worker's compensation lien. [Filing No. 38, at ECF p. 3.] Similarly situated employers often recover reimbursement from their employee after a final judgment is rendered without intervening in the litigation. *See, e.g.*, *Stifle v. Marathon Petroleum Co.*, 876 F.2d 552, 554 (7th Cir. 1989) ("Insulating paid workers' compensation benefits to Stifle and consequently obtained a statutory lien . . . as against any judgment or settlement Stifle might later obtain . . . .") Accordingly, Davis is not hindered from asserting his claims or presenting evidence at a later time. Furthermore, Two Guys' absence does not prevent Davis from obtaining full relief from Buzzi Unicem USA. Therefore, there is no necessity for joinder.

Davis argues that Two Guys has a subrogation interest in the case at hand. However, it is not Davis' decision whether to assert this argument. If Two Guys moves to join the litigation as a Plaintiff, this argument can be addressed if raised. However, this seems highly unlikely. The undersigned has handled countless cases involving worker's compensation and other liens. These cases are routinely resolved without the need to add the lienholder as a party. Rather, the parties negotiate a resolution of the case that necessarily resolves any pending lien. Overall, Davis does not convince the Court it is appropriate to join Two Guys as a party, particularly

given the jurisdictional ramifications. Therefore, Davis' motion for joinder and leave to amend the complaint [Filing No. 32] is denied.

Date: 7/18/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.